# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8192 | **DATE** | 5/22/2013 |
| **CASE TITLE** | Brack vs. Dart | | |

**DOCKET ENTRY TEXT**

Before the Court is Defendant's motion for judgment on the pleadings [24]. For the reasons stated below, the Court respectfully denies the motion.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

**I.  Facts**

For purposes of the instant motion, the Court takes as true all well-pleaded allegations and draws all reasonable inferences in Plaintiff's favor. See *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012).

Defendant Thomas Dart is the sheriff of Cook County and supervises all state and county correctional facilities and deputy sheriffs within Cook County. [8] ¶ 2. The Cook County Sheriff's Merit Board ("the Board") supervises the hiring of personnel for the sheriff's office. *Id.* ¶ 3. Plaintiff Reginald Brack applied to work as a Cook County correctional officer in October 2010 after passing written and physical tests. *Id.* ¶ 8. Plaintiff, who has a 1998 conviction for misdemeanor reckless conduct, was 59 years old at the time he applied for the position. *Id.* ¶¶ 8, 10.

Defendant did not hire Plaintiff. Plaintiff alleges that the decision not to hire him was discriminatorily based on his age, in violation of the federal Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634. *Id.* ¶ 11. Plaintiff alleges that Defendant has hired individuals with felony convictions who are under the age of 40 to be correctional officers within the past two years. *Id.* ¶ 10.

Defendant answered Plaintiff's amended complaint, see [12], and has moved for judgment on the pleadings [24].

**II.  Legal Standard**

A Rule 12(c) motion for judgment on the pleadings permits a party to move for judgment after both the plaintiff's complaint and the defendant's answer have been filed. Fed. R. Civ. P. 12(c); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). In ruling on a motion for judgment on the pleadings, the Court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Vill. of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000). But the Court "need not ignore facts set forth in the complaint that

**STATEMENT**

undermine the plaintiff's claim or give weight to unsupported conclusions of law." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

A court decides a motion for judgment on the pleadings under Rule 12(c) based upon a review of the pleadings alone. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *Id.* at 452–53; see also *Arethas v. S/TEC Grp., Inc.*, 2005 WL 991782, at *6 (N.D. Ill. 2005) ("[A]lthough in ruling on a motion for judgment on the pleadings a court can consider affidavits attached to a complaint or an answer to the complaint, a court cannot consider affidavits that are not a part of the pleadings."). Additionally, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Courts also may take judicial notice of appropriate materials, such as "documents that are critical to the complaint and referred to in it," *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to the matters at issue," *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983), and certain matters of public record. See, *e.g.*, *Pickett v. Sheridan Health Ctr.*, 664 F.3d 632, 638 (7th Cir. 2011). If a court considers any materials outside this narrow universe, the court must convert the motion for judgment on the pleadings into a motion for summary judgment and allow all parties a reasonable opportunity to present all the materials pertinent to such a motion. Fed. R. Civ. P. 12(d); see also *Rutherford v. Judge & Dolph Ltd.*, 707 F.3d 710, 714-15 (7th Cir. 2013).

As a general rule,"[a] complaint that invokes a recognized legal theory * * * and contains plausible allegations on the material issues * * * cannot be dismissed under Rule 12." *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)). But "a complaint that alleges an impenetrable defense to what would otherwise be a good claim should be dismissed (on proper motion) under Rule 12(c)." *Id.* at 637. In other words, dismissal under Rule 12(c) is proper when a plaintiff's allegations "show that there is an airtight defense [such that he] has pleaded himself out of court," *id.*, or, more generally, "if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes*, 670 F.3d at 813 (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)); see also *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011) ("When the complaint itself contains everything needed to show that the defendant must prevail on an affirmative defense, then the court can resolve the suit on the pleadings under Rule 12(c).").

Dismissal also is proper under Rule 12(c) when a movant has demonstrated that the complaint fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(h)(2)(B); *Alioto v. Town of Lisbon*, 651 F.3d 715, 718 (7th Cir. 2012). To make that assessment, the Court uses the more familiar Rule 12(b)(6) standard. See *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 757 n.1 (7th Cir. 2006). Thus, for a complaint to survive, its factual allegations must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Although "[s]pecific facts are not necessary [–]

the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original) – "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Brooks*, 578 F.3d at 581 (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)). The Court reads the complaint and assesses its plausibility as a whole. See *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *cf. Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) ("Whether a complaint provides notice, however, is determined by looking at the complaint as a whole.").

### III. Discussion

Defendant contends that under Illinois law, he is only able to consider the employment applications of individuals certified as "qualified" by former Defendant the Board. *Id.* at 2. He points to 55 ILCS 5/3-7008, which provides in pertinent part that "The appointment of deputy sheriffs in the Police Department, full-time deputy sheriffs not employed as county police officers or county corrections officers and of employees in the Department of Corrections shall be made from those applicants who have been certified by the Board as being qualified for appointment." The Court takes judicial notice of this provision. See *Demos v. City of Indianapolis*, 302 F.3d 698, 706 (7th Cir. 2002) ("[A] district court can always rely on public statutes." (citing *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977) ("[M]atters of public record such as state statutes, city charters, and city ordinances fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice.")).

Defendant contends that the Board never deemed Plaintiff "qualified," as required by § 5/3-7008, so neither he nor anyone in the offices that he supervises ever had an opportunity to consider Plaintiff's application. *Id.* at 1-2. Therefore, he argues, neither Defendant nor anyone he supervises could have formed the requisite intent to discriminate against Plaintiff because of his age. *Id.*

This argument is predicated on at least two facts not contained in the pleadings: (1) Defendant and the Board complied with § 5/3-7008 in evaluating Plaintiff's application, and (2) the Board declined to certify Plaintiff as "qualified" or otherwise failed to pass his application along to Defendant. Plaintiff seems to implicitly accept these facts in raising his sole argument against the motion – that, under *Brewer v. Board of Trustees of the University of Illinois*, 479 F.3d 908, 917-18 (7th Cir. 2007), Defendant "should not be shielded from liability" "[i]f the Board's decision not to certify Plaintiff as qualified for employment was due to age discrimination." [25] at 3. Yet Plaintiff does not explicitly concede or plead these facts in either his complaint or his brief opposing Defendant's motion for judgment on the pleadings. See *Dausch v. Rykse*, 52 F.3d 1425, 1428 n. 3 (7th Cir. 1994).

The Court cannot at this early stage accept as true facts that are outside the four corners of the pleadings or draw from those facts inferences unfavorable to Plaintiff. Nor are these facts the sort for which judicial notice ordinarily is appropriate. Plaintiff's complaint, which "invokes a recognized legal theory * * * and contains plausible allegations on the material issues," *Richards* 696 F.3d at 638, does not on its face "show that there is an airtight defense [such that he] has pleaded himself out of court." *Id.* at 637. The Court therefore respectfully denies Defendant's motion for judgment on the pleadings [24]. Plaintiff is entitled to discovery to ascertain, among other things, who considered and passed on his application. If discovery about this process reveals that Defendant never saw the application, Defendant can properly present those facts at the summary judgment stage.

**STATEMENT**

## IV. Conclusion

For the reasons stated above, Defendant's motion for judgment on the pleadings [24] is respectfully denied.