UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **REGINALD BRACK,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11 C 8192 |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | Robert M. Dow, Jr. |
| **THOMAS DART, COOK COUNTY SHERIFF** | ) | |
| and **COOK COUNTY SHERIFF'S MERIT** | ) | |
| **BOARD,** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT COOK COUNTY SHERIFF THOMAS DART'S
STATEMENT OF MATERIAL UNCONTESTED FACTS
PURSUANT TO F.R.C.P. 56 (e) AND LOCAL RULE 56.1(a)(3)**

NOW COMES Defendant Cook County Sheriff Thomas Dart, by his attorney, Anita Alvarez, Cook County State's Attorney, and through her Assistant, Thomas Cargie, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1(a)(3) of the Local Rules, hereby moves that this Honorable Court grant Summary Judgment in his favor and in support files this statement of material facts as to which there is no genuine issue:

1. Reginald Plaintiff ("Plaintiff") filed this claim against Cook County Sheriff Thomas Dart pursuant the Age Discrimination in Employment Act (29 USC §263). This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper in this Court because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Illinois and Plaintiff is a resident within this district.. Sheriff Dart's Exhibit A ("Dart Ex. A"), Plaintiff's Amended Complaint ("Complaint") at ¶¶ 1, 4 & 5.

2. Defendant, Thomas Dart, is the sheriff of Cook County and he supervises all county correctional facilities and deputy sheriffs in Cook County, Illinois. Dart Ex. A at ¶2.

3. Plaintiff was born on September 25, 1951. Dart Ex. A at ¶7.

. 4. In October 2009, Plaintiff submitted an application to become a Cook County Sheriff's Department Correctional Officer. At the time, he was fifty-nine year-old. Plaintiff passed the required written and physical tests. Dart Ex. A at ¶8.

5. Edward Wodnicki, the Executive Director of the Cook County Sheriff's Merit Board, stated that he was familiar with the application that Plaintiff filed to become a correctional officer for the Cook County Sheriff. Sheriff Dart's Exhibit B ("Dart Ex. B"), Declaration of Edward Wodnicki at ¶¶ 1 & 3.

6. Under Illinois law, the Cook County Sheriff cannot consider anyone for employment as a deputy or correctional officer unless Cook County Sheriff's Merit Board certifies that the applicant is qualified for that position. 55 ILCS 5/3-7008. Dart Ex. B ¶2.

7. Pursuant to 55 ILCS 5/3-7008, the Merit Board did a background investigation of Plaintiff. Dart Ex. B at ¶4.

8. That investigation disclosed that on September 4, 1997, Plaintiff was arrested by Chicago Police for soliciting an undercover police officer to engage in prostitution. In a custodial search of his vehicle following that arrest, police found a handgun underneath the floor mat in the front seat. Plaintiff was originally charged with solicitation of a prostitute and unlawful use of a weapon, a felony. He agreed to plead guilty to the misdemeanor charge of reckless conduct. Dart Ex. B at ¶5.

9. On February 18, 2011, a quorum of the Merit Board met and considered Plaintiff's application, which they unanimously agreed to reject. February 18, 2011 Voting

Record of the Cook County Sheriff's Merit Board Regarding Application of Reginald Plaintiff. Sheriff Dart's Exhibit C ("Dart Ex. C"). Plaintiff was not deemed qualified by the Merit Board. Dart Ex. C. Accordingly, his application was not forwarded to the Sheriff's Office for further action because Plaintiff could not be considered for employment by the Cook County Sheriff as a correctional officer in accordance with 55 ILCS 5/3-7008. Dart Ex. B at ¶6.

10. By letter dated February 25, 2011 from Edward S. Wodnicki, the Executive Director of the Cook County Sheriff's Merit Board, Plaintiff was informed that the Merit Board did not certify him as being eligible for hire as a Correctional Officer with the Cook County Department of Corrections. Sheriff Dart's Exhibit D ("Dart Ex. D"), February 25, 2011 letter from Edward S. Wodnicki, the Executive Director of the Cook County Sheriff's Merit Board to Plaintiff.

11. Plaintiff has admitted the authenticity of this letter. Sheriff Dart's Exhibit E ("Dart Ex. E") Plaintiff's Response to Sheriff Dart's Requests to Admit at ¶4.

12. Plaintiff sent Mr. Wodnicki a letter dated March 4, 2011, challenging the decision of the Merit Board not to certify him as being eligible for the position of Correctional Officer. Sheriff Dart's Exhibit F ("Dart Ex. F"), March 4, 2011 letter from Plaintiff to Edward S. Wodnicki, the Executive Director of the Cook County Sheriff's Merit Board. Plaintiff admitted that he sent that letter. Dart Ex. E at ¶5.

13. In response to that letter, Mr. Wodnicki sent a letter dated March 28, 2011, in which he further explained why the Merit Board did not certify Plaintiff for hire as a correctional officer. Sheriff Dart's Exhibit G ("Dart Ex. G"), March 28, 2011 letter from Edward S. Wodnicki, the Executive Director of the Cook County Sheriff's Merit Board to Plaintiff. Plaintiff has admitted the authenticity of this letter. Dart Ex. E at ¶7.

14. Rosemarie Nolan, the Director of Personnel for the Cook County Sheriff's Office since 2001, stated that under Illinois law, the Cook County Sheriff cannot consider anyone for employment as a deputy or correctional officer unless Cook County Sheriff's Merit Board certifies that the applicant is qualified for that position. 55 ILCS 5/3-7008. Sheriff Dart's Exhibit H ("Dart Ex. H"), Declaration of Rosemarie Nolan at ¶¶ 1 & 2.

15. The Cook County Sheriff is unaware of the identities of the applicants who file for employment with the Merit Board unless the Merit Board certifies them. Dart Ex. H at ¶3.

16. Upon completion of the certification process, the Merit Board will send the Sheriff's Office a list of qualified applicants and their respective applications files. Dart Ex. H at ¶3.

17. The Sheriff's Office does not receive a list of or the application files from those applicants who are not certified by the Merit Board. Dart Ex. H at ¶3.

18. Ms. Nolan conducted a diligent search of the Cook County Sheriff's Office records and found no record that Plaintiff's application was ever presented to the Cook County Sheriff's Office for consideration as a correctional officer since the Merit Board never certified Plaintiff as being eligible to serve as a correctional officer. Dart Ex. H at ¶5.

19. Ms. Nolan believed that no one in the Sheriff's Office made any hiring decision in connection with Plaintiff's application to become a correctional officer because that application was never forwarded to the Sheriff's Office by the Merit Board. Dart Ex. H at ¶6.

20. Plaintiff admitted that he never interviewed with anyone working for the Cook County Sheriff for employment as a correctional officer with the Cook County Department of Corrections. Dart Ex. E at ¶¶8 & 9.

21.     Plaintiff admitted that he received no correspondence from the Cook County Sheriff's Office in connection with his application to the Merit Board for employment as a correctional officer with the Cook County Department of Corrections. Dart Ex. E at ¶10

22.     Plaintiff admitted that no one from the Cook County Sheriff's Office ever told him that it was considering him for a position as a correctional officer with the Cook County Department of Corrections. Dart Ex. E at ¶11

23.     Plaintiff admitted that no one from the Cook County Sheriff's Office ever told him that the Sheriff's Office had decided not to hire him as a correctional officer with the Cook County Department of Corrections. Dart Ex. E at ¶12.

                Respectfully Submitted,

                ANITA ALVAREZ
                State's Attorney of Cook County
                By: /s/ Thomas Cargie
                Thomas Cargie
                Conflicts Counsel Unit
                69 W. Washington, 20th floor
                Chicago, Il 60602
                (312) 603-1426

## CERTIFICATE OF SERVICE

      I, Thomas Cargie, Assistant State's Attorney, certify that I electronically filed the above **DEFENDANT COOK COUNTY SHERIFF THOMAS DART'S STATEMENT OF MATERIAL UNCONTESTED FACTS PURSUANT TO F.R.C.P. 56 (e) AND LOCAL RULE 56.1(a)(3),** with the Clerk of the Court via the CM/ECF system and caused it to be served upon parties by electronic service via CM/ECF on December 2, 2013.

      \s\ Thomas Cargie