FILED
2/27/2012
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINALD BRACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case number: 11-8192 |
| ) | |
| ) | Judge Robert M. Dow, Jr. |
| THOMAS DART, COOK COUNTY ) | |
| SHERIFF and COOK COUNTY ) | Trial by Jury Demanded |
| SHERIFF'S MERIT BOARD, ) | |
| ) | |
| Defendant. ) | |

### AMENDED COMPLAINT

The Plaintiff, REGINALD BRACK, by his attorney, Mitchell A. Kline, for a cause of action against Defendants, THOMAS DART, COOK COUNTY SHERIFF and COOK COUNTY SHERIFF'S MERIT BOARD, alleges as follows:

### COUNT I.  AGE DISCRIMINATION

This is an action pursuant to 29 U.S.C. § 263, the Age Discrimination in Employment Act [ADEA] to redress and enjoin unlawful employment practices by Defendant.

### THE PARTIES

1. Plaintiff resides in Flossmoor, Illinois, in the County of Cook.

2. Defendant, Thomas Dart, is the sheriff of Cook County and he supervises all state and county correctional facilities and deputy sheriffs in Cook County, Illinois; and at all times relevant herein he had a substantial physical presence within this Judicial District, in Cook County, Illinois.

3. Defendant,  Cook County Sheriff's Merit Board, supervises the hiring of personnel

1

for the sheriff's office; and at all times relevant herein it had a substantial physical presence within this Judicial District, in Cook County, Illinois.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(a) and 1343(a) (4).

5.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

6.     Plaintiffs has fulfilled all administrative prerequisites for the bringing of this lawsuit, including receiving a Right to Sue letter from the Equal Employment Opportunity Commission, which he received on August 19, 2011 or later.

## FACTS

7.     Plaintiff was born on September 25, 1951.

8.     He was a fifty-nine year-old when he applied to work as a correctional officer for Defendants in October 2010, after passing Defendants' written and physical tests.

9.     Plaintiff was convicted of the misdemeanor of reckless conduct in 1998; he has had no other convictions.

10.    Plaintiff is aware Defendants have hired employees as correctional officers during the past two years under age forty, who have been convicted of felonies.

11.    Defendants are responsible for the discriminatory decision of not hiring Plaintiff as a correctional officer because of his age and hiring applicants under age forty as correctional officers, and they knew or recklessly ignored that their actions were in violation of Plaintiff's federally protected rights.

12. As a result of defendants' unlawful discriminatory conduct, Plaintiff has lost substantial earnings and other job-related benefits. Plaintiff has also suffered severe emotional distress.

WHEREFORE, Plaintiff requests that this Court:

(a) declare that defendants violated the ADEA;

(b) award Plaintiff back pay damages in an amount to compensate him for all lost income and benefits suffered up until the conclusion of this lawsuit because Defendants failed to hire Plaintiff.

(c) award Plaintiff future pay damages in an amount to compensate him for all lost income and benefits suffered from the conclusion of this lawsuit until he turns sixty-five because Defendants failed to hire Plaintiff.

(d) award Plaintiff liquidated damages in an appropriate amount;

(e) award Plaintiff prejudgment interest on damages recovered, at the prime rate, compounded annually, or the rate allowed by law; and

(f) award costs, reasonable attorney's fees, and such other relief as it deems just.

Respectfully submitted,

s/ Mitchell A. Kline
Law Office of Mitchell A. Kline
203 N. LaSalle Street, Suite 2100
Chicago, Illinois 60601
(312) 558-1454